```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARLOS PEÑA,                        :
                                    :
                Plaintiff,          :
                                    :  10 Civ. 4067(BSJ)(KNF)
        v.                          :
                                    :  Opinion and Order
MADELAINE CHOCOLATE,                :
                                    :
                Defendant.          :
                                    :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Defendant Madelaine Chocolate ("Chocolate") has moved to dismiss the complaint for failure to comply with discovery pursuant to Federal Rule of Civil Procedure 37(b)(2). Chocolate has also moved for an award of attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k). For the reasons stated below, the motion filed by Chocolate is hereby GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Carlos Peña ("Peña"), proceeding pro se and in forma pauperis, brought this action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) alleging race and sex discrimination due to Chocolate's failure to rehire Peña as promptly as other workers terminated during a temporary cessation of Chocolate's operations.

Peña filed his Complaint on March 17, 2010. On September 30, 2010, the Court ordered Peña to file proof of service of

process on or before October 29, 2010. However, the Court later extended the time to file proof of service to December 17, 2010. On October 27, 2010, the United States Marshals Service effected service of the Amended Summons and Complaint on the defendant. (Dkt. 7.) Chocolate failed to file a timely answer to the Complaint and on January 6, 2011, the Court directed "that, on or before January 31, 2011, the plaintiff shall review Fed. R. Civ. P. 41(a) and 55 and make such application to the Court as he deems appropriate." (Order dated January 6, 2011.)

Peña then moved for a judgment by default, but failed to provide all necessary information and on February 3, 2011, the Court directed the Pro Se Office to return the motion to Peña rather than file it with the Clerk of Court. (Dkt. 15.) On March 4, 2011, pursuant to Fed. R. Civ. P. 60(b), Chocolate moved for an order denying Peña's motion for judgment by default and permitting Chocolate to file an answer. Since Peña's motion had been returned by the Pro Se Office at the direction of the Court, however, there was no default motion pending. Instead, Magistrate Judge Fox ordered Chocolate to file its answer on or before March 24, 2011, and set a pretrial conference for March 28, 2011. (Orders dated March 17, 2011.)

Chocolate filed its answer on March 23, 2011. On March 24, 2011, Judge Fox granted Chocolate's request for an adjournment until March 29, 2011, and the pretrial conference was

rescheduled for March 29, 2011.[1] (Dkt. 18.) Peña failed to attend the conference and Judge Fox rescheduled the meeting for May 2, 2011. (Dkt. 19.) Peña also failed to attend that conference and Judge Fox again rescheduled the meeting for June 7, 2011, by an order dated May 17, 2011. In that order, Judge Fox specifically warned Peña that "[s]hould the plaintiff fail to attend that conference, a report and recommendation will be made to the assigned district judge that this action be dismissed, pursuant to Fed. R. Civ. P. 41(b) and the court's inherent power to dismiss cases for failure to prosecute." (Id.)

On June 7, 2011, the initial pretrial conference was held and attended by all parties. Judge Fox directed that "all discovery, of whatever nature, shall be initiated so as to be completed on or before December 6, 2011" and scheduled a telephonic status conference on November 7, 2011, and a settlement conference to be held on December 13, 2011. (Order dated June 7, 2011.) Additionally, Judge Fox ordered the Clerk of Court to attempt to locate pro bono counsel to represent Peña for the purposes of the settlement conference. (Order dated August 4, 2011.)

Defendant served interrogatories and requests for production on Peña during the month of October 2011. (Dkt. 32,

---

[1] Notice of all orders and rescheduled meetings was sent to Peña by mail at the address he had provided to the Pro Se Office. (See Dkt. 5, 18-19, 22, 24, 26, 28.)

Borenstein Aff'm. ¶ 10; Exhibit B.) On November 7, 2011, Chocolate notified the Court that it was unable to contact Peña via telephone and the scheduled conference was not held. (Dkt. 28.) Chocolate also advised the Court that more than thirty days had elapsed since its discovery demands were served on the plaintiff and that Peña had failed to supply any response. (Dkt. 29.) Judge Fox issued an order scheduling a new status conference to be held on November 21, 2011, ordering Peña to appear in person or via telephone and again advising him "that failure to comply with a court order may result in the imposition of a sanction, including the dismissal of his complaint." (Order dated November 9, 2011.) Peña failed to attend the conference on November 21, 2011, and Chocolate informed the Court that it still had not received a response to its discovery demands. (Dkt. 29.)

Judge Fox then issued an order stating, in relevant part, "In view of the plaintiff's failure to participate in two (2) conferences with the Court and his adversary, and, owing to his failure to respond to the defendant's outstanding discovery demand, the defendant advised the Court that it wished to make a motion to the assigned district judge that the instant action be dismissed." (Order dated November 22, 2011.) Judge Fox cancelled the settlement conference originally set for December 13, 2011, and directed Chocolate to serve and file its motion to dismiss

4

on or before December 12, 2011. (Id.) Additionally, Judge Fox ordered Peña to serve and file any response to the motion on or before January 4, 2012, and to reply on or before January 13, 2012. (Id.) Judge Fox reminded Peña that he could seek procedural assistance by contacting the Pro Se Office and provided the address and telephone number for that office. (Id.)

On January 12, 2012, Peña filed an Affirmation in Opposition to the Motion to Dismiss, urging that he "ha[d] plenty of documentation that will prove [he] was injured on the job by the people involved . . ." and asserted that he was in possession of a "police report" relevant to his claims. (Dkt. 35.) On February 3, 2012, the Court received another letter from Peña claiming that he had waited to participate in the telephonic conference scheduled for November 7, 2011, but had never received a call. (Dkt. 36-37.) Peña also requested that the Court appoint counsel fluent in both English and Spanish to assist him and again averred that he was in possession of a police report, medical information, and other proof to support his claims. (Id.) Judge Fox denied Peña's application, but allowed Peña to file a renewed application at a future date if warranted by the circumstances.[2] (Order dated May 2, 2012.)

---

[2] Judge Fox's order that the Clerk of Court attempt to locate pro bono counsel to represent Peña at the settlement conference on December 13, 2011, was rendered moot when the conference was cancelled and Chocolate directed to serve and file its motion to dismiss. (See Order dated August 4, 2011; Order dated November 22, 2011.)

5

On May 24, 2012, the Court received another application from Peña asking the Court to appoint counsel to assist him. (Dkt. 39.) Finding that "circumstances have not changed since the Court's May 3, 2012 order was issued, and the reasoning set forth in that order remains applicable," Judge Fox again denied Peña's application. (Order dated May 30, 2012.)

## DISCUSSION

### I. Applicable Legal Standards

Rule 37(b) provides that a court may impose sanctions – including dismissal – against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Though Chocolate has moved to dismiss this case pursuant only to Rule 37(b)(2), the Court construes the motion as falling within the ambit of both Rule 37(b) and Rule 41(b). The difference between dismissals under Rule 37(b) and Rule 41(b) is small, and the Second Circuit has recognized they are guided largely by the same analysis. See, e.g., Peters-Turnbull v. Board of Educ. Of City of New York, 7 F. App'x 107, 110 (2d Cir. 2001) (quoting the district court and noting that "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37").

In order to justify dismissal under Rule 37(b), a court must find that the uncooperative party failed to comply with a discovery order "willfully, in bad faith, or through fault,"

6

Baba v. Japan Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997), and that the noncompliant party had notice of the possible consequences of the failure to obey an order, Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). A "persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault" by the noncompliant party. Masi v. Steely, 242 F.R.D. 278, 285 (S.D.N.Y. 2007) (quoting Abreu v. City of New York, 208 F.R.D. 526, 530 (S.D.N.Y. 2002)).

Under Rule 41(b), a court may dismiss a complaint "for failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." Fed. R. Civ. P. 41(b). Proper dismissal under Rule 41(b) requires consideration of the following five factors: (1) the duration of noncompliance; (2) whether the noncompliant party was on notice that failure to obey an order could result in dismissal; (3) whether the opposing party would be prejudiced by further delay; (4) balancing the Court's interest in managing its docket against the noncompliant party's interest in having an opportunity to be heard; and (5) whether less drastic sanctions are more appropriate. Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of New York, 86 F. App'x 441, 443 (2d Cir. 2004); Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998).

**II. Motion to Dismiss**

While dismissal is a "harsh remedy and is appropriate only in extreme situations," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), "all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam); see also Bobal, 916 F.2d at 764 (affirming dismissal of a pro se action where "such a warning was given and . . . the warning was adequate to inform [the plaintiff] of the consequences of noncompliance").

Under the framework of Rule 37(b) and Rule 41(b), the extent of Peña's noncompliance with Judge Fox's orders is substantial. Throughout the duration of this case, Peña has failed to attend four conferences ordered by the Court and has never responded to discovery demands by Chocolate. Peña's continued failure to comply with discovery and orders requiring his presence at conferences weighs in favor of dismissal.

Second, two orders issued by Judge Fox clearly apprised Peña that failure to obey the orders could result in dismissal of his case. (See Order dated April 7, 2011; Order dated May 17,

8

2011.) It is also clear from these orders that Peña had been warned of the possible consequences of the failure to comply prior to the issuance of the discovery order on June 7, 2011.[3] The Court is satisfied that Peña was given adequate notice of the risk of dismissal.

Third, Peña's failure to respond in any way to Chocolate's discovery requests certainly prejudiced Chocolate by undermining Chocolate's ability to prepare defenses against Peña's claims. This factor also militates in favor of dismissal. See Dozier v. Quest Diagnostics Inc., No. 09 Civ. 9941, 2010 WL 5396083, at *2 (S.D.N.Y. Dec. 8, 2010) (recommending dismissal where a plaintiff failed completely to respond to discovery requests), adopted by, 2010 WL 5396083 (S.D.N.Y. Dec. 29, 2010); United States ex rel. Roundtree v. Health and Hosps. Police Dep't Of New York, No. 06 Civ. 212, 2007 WL 1428428, at *2 (S.D.N.Y. May 14, 2007) (dismissing a lawsuit with prejudice because a plaintiff had had no contact with the defendant for "a significant period of time"); cf. Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. Feb. 1, 1989) ("Prejudice to defendants may be presumed from the length of the delay.").

Fourth, in this case the Court's interest in judicial efficiency prevails over Peña's interest in having an opportunity to be heard. Despite several reprieves from Judge

---

[3] Notice of the orders was also sent to Peña by mail at the address he had provided to the Pro Se Office. (See Dkt. 5, 19, 22.)

Fox, Peña has failed utterly to fulfill his responsibilities under the Federal Rules.[4] See Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997) (dismissing a claim for failure to prosecute where the plaintiff "had been afforded every opportunity to litigate his claim"). Peña's months-long noncompliance with Judge Fox's orders demonstrates a lack of interest in prosecuting his case that weighs in favor of dismissal.

Finally, less drastic sanctions would be insufficient in this case. Peña has been given ample time to respond to Chocolate's requests and to comply with Judge Fox's discovery order. Moreover, Judge Fox repeatedly rescheduled conferences in response to Peña's absences in order to afford Peña additional opportunities to appear. Any lesser sanction is unlikely to secure better compliance. See McNair v. Kelly, No. 08 Civ. 3439, 2011 WL 5547789, at *3 (S.D.N.Y. Nov. 15, 2011) (recommending dismissal because a "long-standing failure to prosecute" made "any lesser sanction . . . an exercise in futility") (citations

---

[4] The Court recognizes that Peña has repeatedly indicated his difficulty with the English language and made sincere efforts to seek pro bono counsel. (Dkt. 34, 36-37, 40.) A language barrier certainly presents obstacles to effective prosecution of a case, however there is no recognized right to counsel in a civil trial. See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981). While a district court may sometimes "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), Judge Fox determined that Peña was ineligible. (Order dated May 2, 2011.) Judge Fox did encourage Peña to contact the Pro Se Office for assistance and provided both the address and telephone number for that Office. (Order dated November 22, 2011.) Moreover, Peña himself was clearly capable of obtaining the aid necessary to submit the above requests to the Court. Under these circumstances, even a significant language barrier does not excuse Peña's multiple failures to abide by orders of the Court.

omitted); Dozier, 2010 WL 5393482, at *3 (recommending dismissal where a plaintiff's failure to produce any responses to discovery requests hindered the defendant's trial preparation).

In sum, the Court concludes that dismissal of this action is appropriate under Federal Rules of Civil Procedure 37(b) and Rule 41(b) for failure to prosecute.

### III. Request for Attorneys' Fees

The Court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000-e5(k). Chocolate's motion to dismiss is predicated on Peña's failure to comply with orders of the Court concerning discovery and scheduling conferences. The Court does not consider the merits of Peña's claims at this stage, but neither does it view Peña's suit as sufficiently "frivolous, unreasonable, or without foundation" to justify an award of attorney's fees. Christiansburg Garment Co. v. Equal Employ't Opportunity Comm'n, 434 U.S. 412, 421 (1978). Nor does this action appear to have been "brought in subjective bad faith." Id. Thus, the Court declines to exercise its discretion to permit Chocolate to collect attorney's fees.

11

## CONCLUSION

For the foregoing reasons, Defendant Chocolate's motion to dismiss is GRANTED with prejudice and its request for attorney's fees is DENIED. The Clerk of the Court is directed to terminate the motion (Dkt. 30) and to close this case.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:      New York, New York
            September 7, 2012