```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CARLOS PEÑA,                               :
                                           :
                     Plaintiff,            :
                                           :    10 Civ. 4067(BSJ)(KNF)
            v.                             :
                                           :    Opinion and Order
MADELAINE CHOCOLATE,                       :
                                           :
                     Defendant.            :
                                           :
------------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The Court is in receipt of a letter from Carlos Peña ("Peña"), which was received by the Pro Se Office on September 14, 2012. By an order dated September 10, 2012, this Court granted Defendant Madelaine Chocolate's Motion to Dismiss the Complaint for failure to prosecute or comply with discovery. (Dkt. 42.) The case was closed by the Clerk of the Court on September 10, 2012.

Peña proceeded pro se and in forma pauperis in this action and the Court views his pleadings "liberally and interpret[s] them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal citation omitted). Accordingly, the Court construes Peña's letter as a Motion for Reconsideration. For the reasons explained below, this motion is DENIED.

1

**DISCUSSION**

## I. Legal Standard

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources." Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003) (citing In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)). A motion for reconsideration will generally be denied unless the movant identifies "controlling decisions or data that the court overlooked" that could "reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, reconsideration is granted only where necessary to "correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish, 253 F.Supp.2d at 715.

## II. Application

Peña's letter does not contain any cognizable legal arguments. His letter does, however, allege additional facts in support of his claims that were neither pleaded nor disclosed in his prior submissions. A motion for reconsideration, however, is not the proper place to assert new allegations and cannot serve as "the opening of a dialogue in which that party . . . advance[s] new theories or adduce[s] new evidence in response to

the court's rulings." de los Santos v. Fingerson, 1998 WL 788781 (S.D.N.Y. Nov. 12, 1998); cf. Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y. 1999).

If Peña wishes to pursue this matter further on appeal, or if he has claims different or in addition to those in the case at bar, the Court urges Peña to contact the Pro Se Office to discuss the proper procedure. The Office is located at 500 Pearl Street, Room 230, New York, NY 10007, and can also be reached at (212) 805-0175 during normal business hours.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED and this case remains closed.

**SO ORDERED:**

_____

**BARBARA S. JONES**

**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York

          September 25, 2012

3